United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40085
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMMELL DUANE BENJAMIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CR-2-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rommell Duane Benjamin appeals the sentence imposed following his guilty plea conviction for possession of five grams or more of cocaine base.  He argues that he was sentenced under a mandatory guideline sentencing system in violation of United States v. Booker, 125 S. Ct. 738 (2005).  Benjamin contends that the district court may have imposed a lesser sentence under a discretionary system.

Sentencing a defendant pursuant to a mandatory guideline scheme, without an accompanying Sixth Amendment violation,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutes "Fanfan" error. United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005)(discussing the distinction between the two types of error addressed in Booker). Where Fanfan error is raised for the first time on appeal, review is for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).

Benjamin has met the first two prongs of the plain error test because "Fanfan" error is "error" that is "plain." See id. However, to meet the third prong of the analysis and show that the error affected his substantial rights, Benjamin bears the burden of "establish[ing] that the error affected the outcome of the district court proceedings." Id. (internal quotation marks and citation omitted). Benjamin must show "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Benjamin cannot show that the error affected his substantial rights. There is nothing in the record indicating that the district court would have imposed a different sentence if it had known that it was not bound by the sentencing guidelines. See United States v. Taylor, 409 F.3d 675, 677 (5th Cir. 2005). Benjamin cannot demonstrate plain error. The sentence is AFFIRMED.